# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NENNET AKAY SESCEY, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-3315 |
| | : | |
| BARDORA KAMARA, | : | |
| *Defendant*. | : | |

**PAPPERT, J.**                                                          **December 9, 2021**

## MEMORANDUM

    *Pro se* Plaintiff Nennet Akay Sescey[1] filed this lawsuit[2] against Badora Kamara[3]

alleging "all [her] accounts got compromised" and her "images were sold for money to

others" as a result of surveillance placed in her home without her consent

approximately 3.5 years ago, which "really intensified between Jan. & Dec. 2020."

(Second Am. Compl., ECF 9 at 2-3.)  For the following reasons, Sescey's Second

---

[1] Because it appears Sescey is unable to afford to pay the filing fee, the Court will grant her Motion to Proceed *In Forma Pauperis*.  (ECF 7.)

[2] Sescey initiated this action by submitting a Complaint (ECF 1) on July 21, 2021.  However, on September 30, 2021 and October 1, 2021, Sescey submitted an Amended Complaint (ECF 8) and a Second Amended Complaint (ECF 9), respectively.  An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading.  *See Shahid v. Borough of Darby*, 666 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam) ("Shahid's amended complaint, however, superseded his initial complaint.") (*citing W. Run Student Hous. Assocs. LLC v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.  Thus, the most recently filed amended complaint becomes the operative pleading.") (internal citations omitted).  Accordingly, Sescey's Second Amended Complaint – the most recently filed amended pleading – is the operative pleading in this case.

[3] Sescey's Second Amended Complaint does not set forth her relationship or connection to Defendant Kamara.  However, for context, in her original Complaint (ECF 1), Sescey noted Kamara was her "Mother[']s Nephew[.]"  (ECF 1 at 2.)

Amended Complaint is dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of jurisdiction.

I[4]

Sescey's Second Amended Complaint does not clearly specify what role Kamara may have played with respect to her allegations of home surveillance, compromised accounts, and the sale of her images.[5]  Sescey does, however, allege Kamara "was having some personal issues in one of his cases as a State Rep.[6] and [the] family[7] had to be placed in safe programming" but she was not notified.  (*Id.*)  Sescey appears to claim Kamara's issues somehow caused her "info" to be "compromised causing a major data breach" which violated the "civil rights and dignity" of herself and her two minor children.  (*Id.* at 3.)  Sescey alleges that ultimately her two "children were illegally removed without [her] consent."  (*Id.* at 4.)  She claims she "know[s] that [Kamara] meant well but [she] must be compensated to purchase [a] house and secure the safety" of herself and her children.  (*Id.*)

_____

[4]  The facts set forth in this Memorandum are taken from Sescey's Second Amended Complaint (ECF 9), and the Court uses the pagination assigned to the Second Amended Complaint by the CM/ECF docketing system.  To the extent it provides helpful context for her allegations, the Court also refers to facts alleged in Sescey's original Complaint (ECF 1) for background purposes only.

[5]  By contrast, in her original Complaint (ECF 1), Sescey alleged Kamara "violated [her] constitutional/civil rights by taking a fraudulent Power of Attorney over [her] without her consent" and Kamara "wasn't given permission . . . to have [her] on surveillance."  (ECF 1 at 3-4.)  She also claimed "Kamara illegally placed [her] and [her] kids in a program that has [her] on surveillance and wiretap fraud" at her apartment which "allows them to make money off [her] images online."  (*Id.* at 5.)

[6]  Sescey's Second Amended Complaint does not allege any additional facts to clarify what she means when she refers to Kamara as a "State Rep."  However, in her original Complaint she claimed that, to the best of her knowledge, Kamara was an "officer of the court[.]"  (ECF 1 at 5.)

[7]  It is not clear from the Second Amended Complaint who Sescey refers to when using the term family – her family or Kamara's family.

2

II

Because Sescey is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss her Second Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Sescey is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Vogt*, 8 F. 4th at 185 (quoting *Mala*, 704 F. 3d at 245).

III

Sescey's Second Amended Complaint does not rely on a specific statute. She indicated on her form complaint that the basis for the Court's jurisdiction is "Federal

3

Questions." (ECF 9 at 3.)  Construing her Second Amended Complaint liberally, Sescey

alleges: (1) a constitutional claim under the Fourth Amendment regarding alleged

wiretaps and surveillance at her apartment without her consent; (2) an unspecified

claim related to a "data breach"/"privacy breach"/"invasion of privacy"; and (3) a claim

for defamation of character.

## A

Generally, the Fourth Amendment guarantees "[t]he right of the people to be

secure in their persons, houses, papers, and effects, against unreasonable searches and

seizures." U.S. Const. amend. IV.  To state a claim for a violation of her constitutional

rights under 42 U.S.C. § 1983[8], Sescey must allege the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law." *West v. Atkins*,

487 U.S. 42, 48 (1988).  Whether a defendant is acting under color of state law — *i.e.*,

whether the defendant is a state actor — depends on whether there is "such a 'close

nexus between the State and the challenged action' that seemingly private behavior

'may be fairly treated as that of the State itself.'" *Leshko v. Servis*, 423 F.3d 337, 339

(3d Cir. 2005) (internal quotations omitted).  To act under color of state law, a

defendant must have exercised power possessed by virtue of state law and made

possible only because the wrongdoer is clothed with the authority of state law.  *Harvey

v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011).  "[P]urely private acts

which are not furthered by any actual or purported state authority are not acts under

color of state law." *Barna v. City of Perth Amboy*, 42 F.3d 809, 816 (3d Cir. 1994).

---

[8]  Even liberally construed, the Court does not understand Sescey's Second Amended Complaint to
suggest any other source of authority for the exercise of federal question jurisdiction beyond § 1983.

"The Fourth Amendment protects citizens against government misconduct, those who exercise the power of the state.  It does not[, however,] create liability on the part of any person or entity not exercising governmental power."  *See Sheriff v. Wireless*, Civ. A. No. 18-5057, 2018 WL 6725390, at *2 (E.D. Pa. Dec. 21, 2018).  Based on the Second Amended Complaint's allegations,[9] Kamara is not subject to Section 1983 liability because he is a private individual and not a state actor.  *See, e.g., Hepfl v. Boot*, Civ. A. No. 21-64, 2021 WL 1701801, at *2 (W.D. Pa. Apr. 8, 2021), *report and recommendation adopted*, 2021 WL 1700043 (W.D. Pa. Apr. 29, 2021) (dismissing *pro se* plaintiff's § 1983 claims against his ex-girlfriend (and the mother of his child) because she was a private individual and not a state actor); *Massey v. Crady*, 2018 WL 4328002, at *6 (W.D. Pa. Aug. 8, 2018) ("Private citizens . . . are not state actors, and therefore . . . any § 1983 claims against [them] should be dismissed.")

Because the Second Amended Complaint fails to state a plausible Section 1983 claim against Kamara, Sescey's federal claims against Kamara are dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim.  If she can allege enough facts to show Kamara is a state actor, she may file a Third Amended Complaint.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

B

Having dismissed Secey's federal claims, the Court declines to exercise

---

[9] The Second Amended Complaint does not allege facts sufficient to support an inference that there is a "close nexus" between Kamara's conduct, and the state itself such that the challenged action can fairly be treated as that of the state.  *Leshko*, 423 F.3d at 339.  Sescey also fails to allege that Kamara had any connection to a state, county, or local governmental entity, and none of her allegations suggest that Kamara was operating as a state actor of any kind.  Her conclusory and lone passing reference to Kamara as a "State Rep." is not sufficient to plausibly allege he is a state actor for purposes of § 1983.

supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any related Pennsylvania state tort claims.

The only independent basis for jurisdiction over such claims is 28 U.S.C. § 1332, which provides the Court with subject-matter jurisdiction when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where she is domiciled, meaning the state where she is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "The burden of establishing federal jurisdiction rests with the party asserting its existence."  *Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

Sescey does not adequately allege the citizenship of any party.  With respect to both her own citizenship and that of Kamara, she only sets forth each of their names in the designated spot for citizenship in the Second Amended Complaint.  (ECF 9 at 3.) She does not identify the state where either party is domiciled as required for diversity jurisdiction.[10]  Because courts should freely give leave to amend a complaint when

---

[10]  Sescey provided a Pennsylvania address as her address of record, and a Pennsylvania address for Kamara.  Neither are sufficient allegations from which the Court can determine their citizenship for

justice so requires, Fed. R. Civ. P. 15(a)(2), Sescey may amend her state law claims in

the event she can state a plausible basis for a claim within the Court's jurisdiction.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

purposes of diversity.  Moreover, even if the Court accepted these allegations as establishing Sescey and Kamara's citizenship, both would be citizens of Pennsylvania.  If true, complete diversity is lacking and the Court cannot maintain diversity jurisdiction over Sescey's state law claims.